# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE OWENS, | Case No. 1:13-cv-00251-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED WITHOUT PREJUDICE |
| v. | |
| CALIFORNIA HIGHWAY PATROL, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**I.**

**INTRODUCTION**

Plaintiff Jerry Lee Owens, a pretrial detainee appearing pro se and informa pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on February 19, 2013. For the reasons set forth below, the Court finds that Plaintiff's claims are barred by the favorable termination rule and the Younger abstention doctrine; and the action should be dismissed without prejudice.

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff brings this action against the California Highway Patrol, Officer Joel Nevarez, District Attorney Michael Moberly, Public Defenders Amber Miramontes and Matthew Barker, Office of the Public Defender for Tulare County, Office of the District Attorney for Tulare County, Tulare County Jail, Judges Stephen A. Sillman and James W. Hollman, City of Visalia, and Clerk Larayne Cleek. Plaintiff's complaint consists mainly of twenty-seven pages of legal argument and case citations. Plaintiff alleges that a probable cause affidavit was fabricated and

the arraignment, preliminary hearing, and felony complaint filed in this action committed a fraud upon the court. (Compl. 3, ECF No. 1.)

Plaintiff states that on March 25, 2012, Officer Joel Nevarez detained Plaintiff and had him taken by ambulance to have his blood drawn at the hospital. (Id. at 20.) Plaintiff claims he was subsequently "kidnapped and falsely imprisoned" in the Tulare County jail for approximately forty-eight hours without probable cause, and released with no charges being filed. (Id. at 18.)

On July 13, 2012, the Tulare County District Attorney filed a complaint against Plaintiff and an arrest warrant issued. (Id. at 18.) On or about October 16, 2012, Plaintiff was arrested by the Fresno Police Department, and transported to Tulare County on October 17, 2012. (Id. at 18-19.) Plaintiff was held for forty-three days and was required to post bail. (Id. at 19.)

Plaintiff demands to inspect the original felony complaint, probable cause affidavit, transcripts from court hearings, and certified copies of the Oath of Office of all third party defendants and officers of the court. Plaintiff alleges violations of due process and is seeking several billion dollars in damages.

## III.

## DISCUSSION

### A. Favorable Termination Rule

In this instance, Plaintiff is seeking damages based upon alleged constitutional violations in an ongoing criminal prosecution. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action

would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

Plaintiff is raising issues in his complaint that would necessarily call into question the validity of his current incarceration and criminal conviction. Because Plaintiff has not shown that his criminal conviction or sentence has been invalidated, Plaintiff's sole remedy is in habeas corpus.

### B.   Abstention

If this Court were to address Plaintiff's claims that his constitutional rights are being violated, it would interfere with the state prosecution of Plaintiff's ongoing criminal case. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings are still considered pending).

The Supreme Court has held that federal courts can abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17 (1996). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Colorado River, 424 at 818-19. "Only in the most unusual circumstances is a defendant entitled to have federal interposition by

way of injunction of habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). The special circumstances that may warrant pretrial federal habeas intervention include harassment, bad faith prosecutions and other circumstances where irreparable harm can be proven. Carden v. State of Montana, 626 F.2d 82, 83-84 (9th Cir. 1980), cert. denied, 449 U.S. 1014.

In the instant action, Plaintiff is challenging the ongoing state criminal proceedings against him in Tulare County Superior Court. Plaintiff is essentially asking this court to step into the middle of state court criminal proceedings. The court declines to do so and will abstain under Younger. Plaintiff is challenging the ruling at his preliminary hearing and the sufficiency of the State's evidence. The ongoing state criminal proceedings are judicial in nature, and the proceedings involve the important state interest of protecting the public. Moreover, the state court proceedings afford Plaintiff an adequate opportunity to challenge the sufficiency of the evidence. Accordingly, the Court finds that abstention is proper with respect to the ongoing criminal action pending against Plaintiff in state court.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint is barred by the favorable termination rule and abstention doctrine. "Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, without prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 9, 2013**

UNITED STATES MAGISTRATE JUDGE